UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Neil Calvin Johnson,              )
                                  )   CR No.:  4:07-cr-900-RBH
v.                                )
                                  )   **ORDER**
United States of America          )
                                  )
_____    )

This matter is before the court on petitioner Neil Calvin Johnson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

I.     BACKGROUND AND PROCEDURAL POSTURE

Petitioner was charged in a one count indictment with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e). Petitioner pleaded guilty to the offense on December 3, 2007.  On June 19, 2008, the court sentenced petitioner to 180 months imprisonment, followed by five (5) years of supervised release.  The Fourth Circuit affirmed the petitioner's appeal on December 18, 2009.

Petitioner returns to this court by way of petition filed August 25, 2010, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  He contends that his trial counsel, Michael A. Meetze, denied him effective assistance of counsel.  Trial counsel filed an affidavit regarding the matter on October 14, 2010. The government filed a Motion for Summary Judgment on November 3, 2010.  Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court apprised petitioner of his right and obligation to respond to the motion for

1

summary judgment, which response Petitioner filed on December 3, 2010.

II. Applicable Law

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). In deciding a § 2255 motion, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon,* 205 Fed. Appx. 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon,* 231 F.3d 923, 925-27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson,* 238 Fed. Appx. 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson,* 495 F.3d 134, 139-40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record,

2

inherently incredible, or conclusions rather than statement of fact.'" *Arredondo v. United States,* 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States,* 68 F.3d 238, 240 (8th Cir. 1995)).

A guilty plea is a solemn, judicial admission of the truth of the charges against an individual; thus, a criminal inmate's right to contest the validity of such a plea is usually foreclosed. *See Blackledge v. Allison,* 431 U.S. 63, 74 (1977) (Guilty pleas "carry a strong presumption of verity" and, as a result, present "a formidable barrier in any subsequent collateral proceedings."). "If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey,* 974 F.2d 1389, 1394 (4th Cir. 1992). In evaluating ineffective assistance of counsel claims presented after entry of a guilty plea, the defendant's statements made under oath at the plea hearing, affirming satisfaction with counsel's representation, are binding on the defendant, absent clear and convincing evidence to the contrary. *United States v. Lemaster,* 403 F.3d 216, 221-22 (4th Cir. 2005). "[T]he truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict sworn statements." *Id.*

After studying the parties' positions as set out in their respective submissions, the court has determined that an evidentiary hearing is not necessary and that the § 2255 petition should be denied for the reasons set out in this order.

III.  GROUNDS FOR PETITION

Petitioner contends in his Petition that his trial counsel denied him effective assistance of counsel in his representation and that, had his attorney properly investigated the case, he would not have been classified as an armed career criminal under 18 U.S.C. § 924(e)(1) (Armed Career Criminal Act or "ACCA").

A. INEFFECTIVE ASSISTANCE OF COUNSEL

Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255. To establish ineffective assistance of counsel, the petitioner must show that his attorney's performance was both deficient and prejudicial to his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). To satisfy the first prong of the *Strickland* test, the petitioner must show that his attorney's representation fell below "an objective standard of reasonableness." *Id.* at 687. There is a strong presumption that an attorney's conduct falls within the wide range of reasonable professional assistance, and the Court's scrutiny of the attorney's performance must be highly deferential. *Id.* At 688-89. Regarding "deficient performance," the court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689 (judicial scrutiny of counsel's performance must be highly deferential). While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to

4

deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, the court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id.* A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

Construing petitioner's motion liberally, the court finds his claim of ineffective assistance of counsel to be without merit. Therefore, he cannot show that he was prejudiced by his counsel's performance.

### 1. *1987 Burglary "Conviction"*

Petitioner first asserts that his attorney should have challenged the use of a 1987 burglary conviction as a predicate offense under the ACCA. However, the 1987 burglary charges were not used in determining his ACCA status. The Presentence Report lists the burglary offense but indicates that this count of the state court indictment was nolle prossed. It does not attribute any criminal history points to the 1987 burglary conviction. (PSR, Docket Entry #59, p. 5)

### 2. *1997 Burglary Conviction*

Petitioner next asserts that his attorney should have challenged the use of a 1997 burglary conviction as a predicate offense. He contends that this conviction should not have been counted because he was not represented by counsel in state court for the offense. The affidavit of trial counsel Meetze states regarding the issue:

> To the extent that Mr. Johnson says that he did not have a lawyer for the 1997

5

> Burglary III conviction, his indictment indicates otherwise. "Atty Derrick" is handwritten on the face of the indictment. I believed this constituted sufficient evidence of Mr. Derrick representing Mr. Johnson. Further, the indictment was for Burglary I. The plea to Burglary III for 3 years suspended upon the service of time served and 2 years probation seems like a resolution negotiated by a lawyer and not a *pro se* defendant. I do not recall if I called Bill Derrick's Office about this matter or not. I seems like I did, but I cannot be sure. I know I have called them in the past about such matters.

(Docket Entry # 92, p. 2).

In addition to the affidavit of counsel, the PSR refers to representation by Attorney Derrick. (PSR, p. 7). Petitioner avers in his affidavits submitted to this court (Docket Entry Nos. 81-5 and 97-1) that his copy of the state court indictment does not show Attorney Derrick as his attorney and that he informed Attorney Meetze that "I pled to 3rd degree burglary in 1997, without counsel and the record was incorrect in the PSI that counsel William Derrick represented me and instructed counsel to investigate and obtain the record, upon disputing that William Derrick did not represent me or any other counsel." (Paragraph 20, Docket Entry # 81-5).

At the sentencing hearing, the Court, as usual, asked the lawyers whether they had received and reviewed the presentence report including any revisions or addenda and asked Mr. Meetze if he had reviewed it with his client. Mr. Meetze stated that he had done so. The Court also engaged in the following colloquy with defense counsel and the petitioner regarding various *pro se* objections[1] and letters[2] that he had submitted to the Court.

---

[1] Petitioner's *pro se* objections challenged the classification of some of his prior convictions as violent felonies.

[2] The letters are contained on this Court's Docket as Entry Numbers 39, 42, 52, and 54.

6

> Mr. Meetze: Judge, let me–Mr. Johnson made a number of pro se objections.
> The Court: Right.
> Mr. Meetze: The report writer did not agree with those.
> The Court: Right.
> Mr. Meetze: I would simply like to have Your Honor note those for the record, in the event Mr. Johnson decides to file an appeal based on any of those issues.
> The Court: All right.
> Mr. Meetze: He's not requesting to be heard at this time on any of those. Those are just things he made on his own.
> The Court: All right. Well, just for the record, I would overrule your objections that were filed.
> Mr. Meetze: Thank you, Your Honor.
> The Court: Mr. Benson, have you got a copy of the state sentencing sheets and indictments for all the predicate offenses?
> The Probation Officer: Yes, Your Honor, I do.
> The Court: Let's just go ahead and make those a part of the record at this time. So the record is clear, I'm assuming you're not going forward, but if you are going forward on those objections, I would overrule them.
> Mr. Meetze: That's all we're asking Your Honor to do at this time. With that, Your Honor, I'm not aware of any other matters that need to be heard.
> The Court: All right. Are there any other matters that you wanted to raise, Mr. Johnson?
> The Defendant: No, Sir, Your Honor.
> The Court: All right. Thank you. I think at some point you filed some other *pro se* motions, but I take it all of those are withdrawn, or you don't want to raise any of those. Is that correct?
> The Defendant: Yes, Sir.

(Sentencing Transcript, Docket Entry # 73, pp. 3-4).

The petitioner's sentencing sheets and indictments were made a part of the record as a Court's exhibit. (Docket Entry # 60). The Court takes judicial notice of these records for purposes of this Section 2255 proceeding. The records reflect that the words "Atty Derrick" are written on the face of the indictment. (Docket Entry # 60, p.2). Therefore, it appears that Petitioner was in fact represented by counsel on this offense. Petitioner's trial counsel Meetze also refers in his affidavit to the handwritten notation on the face of the indictment indicating

7

attorney representation and to the fact of the favorable negotiated plea which indicated to him that Petitioner was represented by counsel. The Court finds that trial counsel's representation was not deficient regarding this matter.

Petitioner next contends that counsel should have challenged the use of the conviction in 1997 for burglary third degree as a predicate offense on the basis that he received only a suspended sentence and did not serve at least one year in prison. This argument lacks merit. As noted by the probation officer in responding to Petitioner's *pro se* objections, the statutory maximum sentence for an offense, not the actual sentence imposed, controls under ACCA. Third degree burglary carries a five-year maximum sentence and therefore was "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 924(e)(2)(B).

### 3. *2006 ABHAN conviction*

Petitioner next argues that his attorney should have challenged the use of his 2006 ABHAN conviction for ACCA purposes. He contends that he did not stab his girlfriend as alleged and that, although he was indicted for ABHAN, his plea was to simple assault and battery. However, Petitioner entered a guilty plea and he cannot in this proceeding assert that he was innocent of the charge. Also, the state court judgment refers to ABHAN and states "as indicted." *See* Docket Entry # 81-3. Furthermore, Johnson challenged his ACCA designation on appeal, and the Fourth Circuit found his challenge "factually inaccurate."

In his response to the motion for summary judgment, Petitioner asserts that South Carolina ABHAN is categorically not a violent felony. The government asserts that ACCA defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one

8

year. . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another[.] 18 U.S.C. § 924(e)(2)(B). It further asserts that, under the modified categorical approach, the court looks to the charging documents to determine whether a given offense is a violent felony. This Court has recently ruled that ABHAN is categorically a violent felony. However, even utilizing the modified categorical approach, Johnson's ABHAN conviction would still be considered to be a violent felony. The state court indictment states that he "did commit an assault and battery upon one Tamika Tart constituting an unlawful act of violent injury to the person of the said Tamika Tart accompanied by circumstances of aggravation, to-wit: in that he did stab the victim with a steak knife." Docket Entry # 81-2. Therefore, trial counsel's performance was not deficient in failing to object to the classification of the 2006 ABHAN conviction as a violent felony.

As additional support for denying Petitioner's habeas petition, the Court notes that Johnson pursued a direct appeal and submitted in a *pro se* brief claiming that he should not have been classified as an armed career criminal. On December 18, 2009, the Fourth Circuit Court of Appeals issued an opinion affirming the conviction and sentence. *United States v. Johnson*, 357 F.App'x 560 (4th Cir. 2009). The court held that Petitioner "had at least three prior convictions which met the definition of a violent felony as needed for the enhancement." *Id*. at 561. The offenses that were classified in the PSR as predicate offenses were the 1997 burglary III conviction, a pointing and presenting a firearm conviction from 2003, and ABHAN offenses from 2004 and 2006. The Court finds that trial counsel reasonably did not challenge the burglary and the ABHAN convictions as predicate offenses. Therefore, counsel's representation

9

was not deficient.

### IV. CONCLUSION

For the reasons contained herein, petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is denied. Respondent's motion for summary judgment is granted. **IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED**.


April 1, 2011                                            s/R. Bryan Harwell
Florence, South Carolina                  R. Bryan Harwell
                                                                 United States District Judge