UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Neil Calvin Johnson, ) | |
| ) | CR No.: 4:07-cr-900-RBH |
| v. ) | |
| ) | **ORDER** |
| United States of America ) | |
| ) | |
| _____ ) | |

This matter is before the court on petitioner Neil Calvin Johnson's [113] motion to amend his [81] motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Petitioner was charged in a one count indictment with felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1), 924(a)(2) and 924(e). Petitioner pleaded guilty to the offense on December 3, 2007. On June 19, 2008, the court sentenced petitioner to 180 months imprisonment, followed by five (5) years of supervised release. The Fourth Circuit affirmed the petitioner's appeal on December 18, 2009.

Petitioner returned to this court by way of petition filed August 25, 2010, to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner contended in his Petition that his trial counsel denied him effective assistance of counsel in his representation and that, had his attorney properly investigated the case, he would not have been classified as an armed career criminal under 18 U.S.C. § 924(e)(1) (Armed Career Criminal Act or "ACCA"). This court entered an order denying the motion to vacate on April 1, 2011. This order was affirmed by the Fourth Circuit Court of Appeals on September 26, 2011. On February 2, 2012, Petitioner

filed a motion to amend his motion to vacate on the basis of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). This motion was denied on the basis that the motion "amounts to a second challenge to his underlying conviction or sentence." (ECF No. 111, p. 2)

In the motion now before the Court, Petitioner seeks to amend his Section 2255 petition on the basis of *United States v. Hemingway*, 734 F.3d 323 (4th Cir. 2013) and *Descamps v. United States*, __ U.S. __, 133 S.Ct. 2276 (2013). Like the earlier motion to amend, this motion amounts to a second challenge to his underlying conviction and sentence. In the absence of pre-filing authorization, the district court lacks jurisdiction to consider a successive motion under § 2255. The docket does not show any such authorization. Because Petitioner's Motion to Amend is actually a successive §2255 motion, this Court lacks jurisdiction to consider the motion.

**IT IS THEREFORE ORDERED** that the Motion to Amend (ECF No. 113) is **DENIED** *without prejudice* to allow Petitioner to seek written permission from the Fourth Circuit Court of Appeals to file a second or successive motion pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED**.


March 10, 2014                                s/R. Bryan Harwell
Florence, South Carolina              R. Bryan Harwell
                                              United States District Judge